## Battersby, Appellant, *v.* Schuylkill Tribe No. 202, Improved Order of Redmen.

*Beneficial association—Funeral benefits—Widow—Volunteer.*

Where the by-laws of a beneficial association provide that funeral benefits shall be paid to the widow, unless the officers are satisfied that such benefits would be diverted from their legitimate purpose, in which case they may see to their payment, an undertaker who is a mere volunteer without contract with the association cannot recover from the latter the expenses of the funeral of a member merely because he notified the association that the widow intended to divert the fund, and the widow in fact did divert the fund when it was paid to her.

Argued Oct. 10, 1905.   Appeal, No. 91, Oct. T., 1905, by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1904, No. 2283, discharging rule for judgment in case of William H. Battersby v. Schuylkill Tribe No. 202, Improved Order of Red Men, Abraham D. Kohler, Chief of Records.   Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Assumpsit for funeral expenses.

Plaintiff's statement of claim was as follows:

The plaintiff is engaged in the county of Philadelphia as an undertaker and as such buried one George Young who at the time of his death was a member in good standing in the defendant association, the said Schuylkill Tribe No. 202, Improved Order of Red Men of Pennsylvania, and as such, in accordance with the provision of article XIII, sec. 1, of the by-laws of said defendant association, which reads as follows: " In the event of the great spirit calling from these hunting grounds to those of the hereafter, a member of this tribe who has been a member one great sun, and at the time of his death entitled to seven suns benefits, there shall be appropriated the sum of seventy-five fathoms ($75) to assist in defraying the funeral expenses, which said sum shall be paid by the Sachem to the wife or nearest relative, provided the brother has not designated some other person to receive it." Seventy-five dollars was appropriated by the said defendant association to assist in defraying the funeral expenses of the said George Young, deceased.

In order, however, to assure the use of the said money for such funeral expenses, the said association, defendant, provides as follows in section 6 of said by-laws, to wit: " Funeral benefits shall only be appropriated for the purpose of defraying the expense of burial and if the elective Chiefs of the Tribe are satisfied that the wampum would be diverted from its legitimate purposes then they shall have full power to see that the expenses are paid, provided that the same does not exceed the sum allowed under the law, and if there should be a sum left, after the expenses are paid, then the balance shall be returned to the belt."

The plaintiff avers that he caused to be served a notice on the said defendant association not to pay the said $75.00 to the widow of the said decedent, she having declared that she would not use the same or any part thereof to defray the said funeral expenses. Nevertheless the said defendant did pay the said $75.00 to the said widow, and the said widow has refused, and does refuse, to devote the same or any part thereof towards defraying the said funeral expenses.

The plaintiff therefore claims that the defendant association having disregarded its own rules and regulations, and in de-

290 BATTERSBY, Appellant, *v.* SCHUYLKILL TRIBE.

Statement of Facts—Opinion of the Court. [29 Pa. Superior Ct.

fiance of the said notice of the plaintiff, having refused to pay the money to the plaintiff, the said defendant is liable to pay the sum of $75.00 to the plaintiff, being the full amount of plaintiff's bill, and therefore brings this suit to recover the sum of $75.00 with interest.

Defendant filed an affidavit of defense averring that the plaintiff was a mere volunteer. The court discharged the rule for judgment.

*Error assigned* was the order of the court.

*William C. Gross,* with him *Harry I. Hiestand,* for appellant, cited: Haas' Estate, 18 Phila. 185; Berlin Beneficial Society v. March, 82 Pa. 166; Zell's App., 111 Pa. 532; Torrens v. Campbell, 74 Pa. 470; Kountz v. Holthouse, 85 Pa. 235; Wynn v. Wood, 97 Pa. 216.

*William T. Connor,* with him *John R. K. Scott,* for appellee, cited: Ins. Co. v. Boggs, 172 Pa. 91; Keener's Quasi Contracts, 341: Webb v. School, 3 Phila. 125; Jones v. Woods, 76 Pa. 408.

PER CURIAM, October 23, 1905:

The court might well have refused to enter judgment for the plaintiff for want of a sufficient affidavit of defense, upon the ground that it is not distinctly alleged in the statement of claim that the goods furnished and the services rendered by plaintiff, in and about the burial of George Young, were worth the sum claimed. But, apart from this defect in the statement, the plaintiff was not entitled to summary judgment. So far as the statement shows, he was a mere volunteer. There was no express contract between him and the defendant association, and no facts are alleged from which a contract on the part of the association to compensate him for the services and reimburse him for the expenditures rendered and laid out by him can be implied.

The doctrine of those cases which hold that one for whose particular benefit a contract is made may maintain an action to enforce it, does not control the case as it is now presented. As the decedent had not designated any person to receive the

funeral benefit, it became the duty of the association, under the by-laws, to pay it to his widow, unless the chiefs of the tribe were satisfied that it would be diverted from its legitimate purpose, in which latter case they had full power to see that the funeral expenses were paid.

Assuming that the by-laws give them discretionary power to withhold payment of the stipulated sum to the widow or nearest relative, it does not necessarily follow that they are guilty of an abuse of discretion in not doing so simply because a third party—in this case the undertaker—notifies them that she had declared that she would not use the money for the purpose for which it was intended. In other words, they are not bound to take such a statement to them as absolute verity and to act accordingly. The fact that such notice was given may be relevant because it puts them upon inquiry, but it does not of itself conclusively establish a legal or equitable obligation on the part of the association to pay the fund to the undertaker who, as a mere volunteer, has conducted the burial.

Appeal dismissed without prejudice, etc.